UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:08-CR-45-TAV-HBG |
| CHRISTOPHER McEWAN ULMER, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's motion for early termination of supervised release [Doc. 24]. The government responded in opposition [Doc. 25]. The defendant pleaded guilty to mail fraud, in violation of 18 U.S.C. § 1341, aggravated identify theft, in violation of 18 U.S.C. § 1028(a)(1), and identify theft, in violation of 18 U.S.C. § 1028(a)(7) [Docs. 5, 6]. The Court sentenced him to thirty-six months' imprisonment, followed by a term of supervised release of five years [*Id.*]. His term of supervised release is set to expire on September 19, 2016 [Doc. 24].

In support of the defendant's request that the Court to terminate his supervised release early, the defendant submits that he has started his own business, he no longer relies on disability, and has improved his overall quality of his life. He also submitted letters of support from his parents and his psychological counselor [*Id.*; Doc. 26]. The letters of support emphasize the strides the defendant has made since being on supervised release.

The probation officer has informed the Court that the defendant has been cooperative. The Court is further informed that the defendant is not a drug user, that he has paid all of his restitution, and has been compliant with his terms of supervised release. The probation office also confirms that the defendant has started his own business and is off disability.

The government opposes the early termination of supervised release stating that compliance with requirements of the Court and the probation office are not sufficient reasons to terminate supervised release.

Section 3583(e)(1), United States Code, title 18, provides that:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(1). "Early termination is a discretionary decision warranted in cases of changed circumstances, such as where the defendant exhibits exceptionally good behavior." *United States v. Campbell*, No. 05-6235, 2006 WL 3925588, at *1 (6th Cir. July 25, 2006) (citation omitted).

After carefully considering the requirements of the statute, the Court finds that the relevant portions of 18 U.S.C. § 3553(a) support early termination of the defendant's

2

Case 3:08-cr-00045-TAV-HBG   Document 27   Filed 04/15/16   Page 2 of 3   PageID #: 160

supervised release.  In support of this determination, the Court notes that the defendant has completed more than one year of his term of supervised release and is in compliance with the conditions of release.  The Court also notes that the defendant is gainfully employed and drug free.  The Court finds that this is a situation of "changed circumstances."  *Campbell*, 2006 WL 3925588, at *1.

In sum, the Court "is satisfied that [early termination] is warranted by the conduct of the defendant released and the interest of justice," 18 U.S.C. § 3583(e)(1), and hereby **GRANTS** the defendant's motion [Doc. 24].  The defendant's supervised release is hereby **TERMINATED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE